1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9    TRANSAMERICA LIFE
     INSURANCE COMPANY,
10
                    Plaintiff,                   No. CIV S-11-0433 JAM EFB
11
            vs.
12
     ESTATE OF CAROLINE WARD;
13   DRENA M. MOORE, executor of the
     Estate of Caroline Ward; HERIBERTO
14   TORRES a.k.a. EDDIE TORRES,

15                  Defendants.
     _____/
16
     DRENA M. MOORE, executor of the
17   Estate of Caroline Ward, Deceased,

18                  Cross-Claimant,

19          vs.

20   HERIBERTO TORRES a.k.a.
     EDDIE TORRES,
21                                               ORDER AND
                    Cross-Defendant.             FINDINGS AND RECOMMENDATIONS
22   _____/

23          This case was referred to the undersigned pursuant to Eastern District of California Local

24   Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff Transamerica Life Insurance

25   Company's motion for entry of default judgment against defendant Heriberto Torres, and cross-

26   claimant Drena M. Moore's motion for default judgment against Torres.  Dckt. Nos. 21, 24.

                                                    1

On September 14, 2011, the court heard both motions for default judgment.  Attorney Kristin Kyle de Bautista appeared at the hearing on behalf of plaintiff Transamerica Life Insurance Company ("Transamerica"); attorney Janet Haines appeared on behalf of defendant and cross-claimant Moore; defendant and cross-defendant Torres failed to appear.

At the hearing, the court addressed Moore's failure to effect proper service of process. Specifically, although Moore's cross-complaint was served on Torres by mail, pursuant to Federal Rule of Civil Procedure ("Rule") 5, that service was ineffective.  Torres had not appeared in the action at the time that the cross-complaint was filed, and therefore Moore was required to personally serve Torres in accordance with Rule 4.  *See* Fed. R. Civ. P. 5(a)(1)(B) (requiring crossclaims to be filed and served on all parties) and 5(a)(2) (providing that "[n]o service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *see also* The Rutter Guide*, Federal Civil Procedure Before Trial*, § 8:1345 ("Any new third party named in a cross-claim (or any party who has not yet appeared in the action) must be personally served with a summons on the crossclaim."); Wright & Miller, *Federal Civil Procedure Before Trial,* 4B Fed. Prac. & Proc. Civ. § 1144 (3d ed.) ("[A]ccording to the second sentence of Rule 5(a), although a party in default for failure to appear is not entitled to receive a copy of any paper in the action, he is entitled to receive a pleading asserting a new or additional claim for relief against him, but it must be served upon him pursuant to Rule 4 as if it were original process."). Accordingly, Moore's motion, Dckt. No. 21, was denied without prejudice due to improper service of process.

Additionally, at the hearing, the court found that Transamerica was entitled to default judgment against Torres.  Accordingly, for the reasons stated on the record at the hearing, as well as for the reasons stated herein, the undersigned recommends that Transamerica's motion for default judgment be granted.

////

2

I.      BACKGROUND

Transamerica filed this interpleader action on February 16, 2011, because of a dispute among defendants – the Estate of Carolyn Ward; Moore, individually and as the executor of the Estate of Carolyn Ward; and Torres – with respect to the distribution of proceeds from two annuity contracts Transamerica had with Carolyn Ward.  Compl., Dckt. No. 2.

According to Transamerica's complaint, Transamerica issued to Caroline Ward, as owner and annuitant, a fixed annuity contract number 26004268, with an effective date of February 22, 2001, for an initial premium payment of $47,590.83.  *Id.* ¶ 8.  The designated primary beneficiary was Caroline Ward's nephew, Torres.  *Id.*  Subsequently, Transamerica issued to Caroline Ward, as owner and annuitant, its fixed annuity contract number 26004704, with an effective date of March 1, 2001, for an initial premium payment of $204,000.00.  *Id.* ¶ 9.  Again, the designated primary beneficiary was Torres.  *Id.*  Under the terms of each of the annuity contracts, if the insured dies, then the beneficiary is the person designated in the contract as the primary beneficiary.  *Id.* ¶¶ 8, 9.  Transamerica is informed and believes that Caroline Ward died on November 4, 2008, at which time the benefits under the two annuity contracts became due and payable.  *Id.* ¶ 10.  Torres made a claim for the proceeds of the two annuity contracts.  *Id.* ¶ 11.  However, Moore also contacted Transamerica to contest payment of proceeds of the annuity contracts to Torres, and asserted that Torres used fraud and/or undue influence to secure his designation as beneficiary on each of the contracts.  *Id.* ¶ 12.  Moore requested that Transamerica interplead the proceeds.  *Id.*

As a result of the competing claims of Torres and Moore, there existed rival, adverse and conflicting claims to the contract benefits payable as a result of the death of Caroline Ward.  *Id.* ¶ 13.  Because Transamerica could not determine which defendant was entitled to the proceeds and could not pay the proceeds without exposing itself to potential multiple liability or litigation, and since Transamerica claimed no beneficial interest in the proceeds, Transamerica deposited

////

3

with the Clerk of this Court the total sum of $397,290.89.[1]  *Id.* ¶ 14.  Transamerica contends that it "should not be compelled to become involved in the actual or potential disputes or contentions of defendants . . . ."  *Id.* ¶ 16.  Transamerica's complaint requests that the court: (1) find that it has jurisdiction over this matter and the parties under 28 U.S.C. § 1335 and Rule 22; (2) enjoin defendants from instituting or prosecuting against Transamerica any proceeding regarding the contract benefits payable as a result of the death of Caroline Ward; (3) determine the rights of the defendants to the benefits due under the contracts; (4) discharge Transamerica of and from any and all liability for any benefits whatsoever due under the contracts; (5) dismiss Transamerica from this case; and (6) award Transamerica costs and attorneys' fees.  *Id.* at 4-5.

A certificate of service, filed March 8, 2011, demonstrates that the summons and complaint were personally served on Torres on February 8, 2011.  Dckt. No. 8.  On May 23, 2011, pursuant to plaintiff's request, the Clerk of Court entered the default of defendant Torres. Dckt. Nos. 15, 16.  On August 17, 2011, Transamerica moved for default judgment against Torres, Dckt. No. 24, and mail served a copy of the motion on Torres, Dckt. No. 25.  Torres has not filed any opposition to the motion and, as noted above, failed to appear at the September 14, 2011 hearing on the motion.

II.    DISCUSSION

A.    Standards

It is within the sound discretion of the district court to grant or deny an application for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

---

[1] This amount consists of the contract death benefit in contract number 26004268 in the amount of $46,132.74, plus interest in the amount of $28,722.15, and the contract death benefit in contract number 26004704 in the amount of $204,000.00, plus interest in the amount of $118,436.00.

1  dispute concerning the material facts, (6) whether the default was
   due to excusable neglect, and (7) the strong policy underlying the
2  Federal Rules of Civil Procedure favoring decisions on the merits.

3  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

4  standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

5  *Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v.*

6  *Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

7        As a general rule, once default is entered, the factual allegations of the complaint are

8  taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v.*

9  *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-

10  pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary

11  facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established

12  by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

13        B.    Entitlement to Default Judgment

14        Here, the court finds that the majority of the *Eitel* factors weigh in favor of granting

15  Transamerica's motion for default judgment against Torres and that Torres be enjoined from

16  instituting or prosecuting against Transamerica any proceeding regarding the contract benefits

17  payable as a result of the death of Caroline Ward.[2]

18  ////

19  ////

20

21        [2] However, because defendant Moore has answered Transamerica's complaint,
    Transamerica's action will proceed against Moore unless and until Transamerica files a motion
22  for dismissal or discharge, or files a stipulation of dismissal signed by both Moore and
    Transamerica.  Upon Transamerica's dismissal, Transamerica may request some or all of the
23  additional relief it seeks in the complaint, namely (1) a finding that it has jurisdiction over this
    matter and the parties under 28 U.S.C. § 1335 and Rule 22; (2) an injunction against Moore from
24  instituting or prosecuting against Transamerica any proceeding regarding the contract benefits
    payable as a result of the death of Caroline Ward; (3) a determination of the rights of the
25  defendants to the benefits due under the contracts; (4) a discharge of Transamerica from any and
    all liability for any benefits whatsoever due under the contracts; (5) a dismissal of Transamerica
26  from this case; and (6) an award of costs and attorneys' fees.

1        1.   Possibility of Prejudice to Plaintiff

2        The first *Eitel* factor considers whether Transamerica would suffer prejudice if default

3  judgment is not entered, and such potential prejudice to Transamerica militates in favor of

4  entering default judgment.  *PepsiCo, Inc*., 238 F. Supp.2d at 1177.  Here, the relevant dispute

5  concerns the defendants' competing claims to the interplead funds.  Transamerica would be

6  prejudiced if default judgment were not granted since such a default judgment would be the first

7  step in providing Transamerica with the certainty and finality that judgment in an interpleader is

8  intended to provide.  *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000)

9  ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from

10  multiple liability as well as from the expense of multiple litigation."); *Sun Life Assr. Co. of*

11  *Canada v. Kimble,* 2007 WL 3313448, at *2-3 (E.D. Cal. 2007); *Martella Auction Co., Inc. v.*

12  *Tri State Const., Inc.,* 2010 WL 5200910, at *2 (E.D. Cal. Dec. 15, 2010).  Therefore, the first

13  factor weighs in favor of granting Transamerica's motion for default judgment.

14        2/3.   Merits of Plaintiff's Substantive Claim/Sufficiency of the Complaint

15        The second and third factors also favor the entry of default judgment.  As a general rule,

16  once default is entered, the factual allegations of the complaint are taken as true, except for those

17  allegations relating to the damages.  *TeleVideo Systems, Inc.*, 826 F.2d at 917-18.  Here,

18  Transamerica's complaint alleges that there are competing claims to the interplead funds by

19  diverse claimants, that such claims could expose Transamerica to multiple liability, and that

20  Transamerica has now deposited the disputed funds with the court.  As Torres has failed to

21  answer Transamerica's complaint or otherwise appear in this action, Torres cannot contend that

22  interpleader was improper under 28 U.S.C. § 1335 or Rule 22, or that Transamerica has any

23  liability to Torres.  Accordingly, factors two and three favor granting Transamerica's motion

24  since, as discussed above, Torres's default judgment is the first step in providing Transamerica

25  with the certainty and finality that judgment in an interpleader is intended to provide.

26  ////

### 4.  Sum of Money at Stake

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc*., 238 F. Supp.2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, the sum of money at stake does not clearly weigh for or against the granting of Transamerica's motion.  The disputed funds total $397,290.89, which is a significant sum of money.  However, Transamerica is not asserting an interest in those funds and has already deposited the funds at issue with the court.  Instead, Transamerica seeks to resolve the conflicting claims to the interplead funds and ensure that the funds are released to the proper party so that no outstanding claims thereto remain.

### 5.  Possibility of a Dispute Concerning the Material Facts

The fifth factor also weighs in favor of granting Transamerica's request for default judgment.  Here, the court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default and, thus, there is a very low likelihood that any genuine issue of material fact exists.  *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal.2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc*., 219 F.R.D. at 500; *PepsiCo, Inc*., 238 F. Supp.2d at 1177.  Since Torres has failed to answer Transamerica's complaint, Torres cannot contend that interpleader was improper or that Transamerica has any liability to Torres.

### 6.  Whether the Default Was Due to Excusable Neglect

The sixth factor also weighs in Transamerica's favor.  Torres was personally served with a copy of the summons and complaint in this case.  He was also mail served with the motion for default judgment but did not respond thereto.  Torres's failure to respond to the complaint or otherwise appear cannot be deemed "excusable neglect."  *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because

1   the defendants were properly served with the complaint, the notice of entry of default, and the

2   papers in support of the motion for default judgment).

3                             7.  <u>Policy Favoring Decisions on the Merits</u>

4         Finally, the seventh *Eitel* factor weighs against granting the motion for default judgment.

5   The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the

6   merits.  *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this

7   policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend

8   itself in an action.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket,*

9   *Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*,

10   2010 WL 144816, at *7 (N.D. Cal. Jan.11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL

11   1876690, at *5 (E.D. Cal. June 26, 2009).  Accordingly, although there is a strong policy

12   favoring decisions on the merits, that policy does not by itself preclude entry of default

13   judgment.

14         Therefore, because the *Eitel* factors weigh in favor of granting default judgment to

15   Transamerica, the undersigned will recommend granting Transamerica's motion.

16            C.     <u>Entry of Default Judgment When Other Defendant Remains in Case</u>

17         Although the preferred practice when default is entered against one defendant in a multi-

18   defendant case is for the court to withhold granting default judgment until trial of the action on

19   the merits against the remaining defendants, here the court finds that default judgment against

20   Torres is proper even with Moore still remaining in the case.  Rule 54(b) provides that "[w]hen

21   an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim,

22   or third-party claim--or when multiple parties are involved, the court may direct entry of a final

23   judgment as to one or more, but fewer than all, claims or parties only if the court expressly

24   determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Here, the undersigned

25   finds that there is no just reason for delay because Torres cannot contend that interpleader was

26   improper or that Transamerica has any liability to Torres, and Torres's default judgment is a key

first step in providing Transamerica with the certainty and finality that judgment in an interpleader is intended to provide.

III.   CONCLUSION

Based on the foregoing findings, IT IS HEREBY ORDERED that Moore's motion for default judgment, Dckt. No. 21, is denied without prejudice.

IT IS FURTHER RECOMMENDED that:

1.  Transamerica's motion for default judgment against Torres, Dckt. No. 24, be granted; and

2.  Torres be enjoined from instituting or prosecuting against Transamerica any proceeding regarding the contract benefits payable as a result of the death of Caroline Ward.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9